UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RONALD A. CHISHOLM                                                                                         PLAINTIFF

v.                                                                                                          3:09-CV-808-CRS

AMERICAN COLD STORAGE, INC. and
AMERICAN COLD STORAGE NORTH
AMERICA, LP                                                                                     DEFENDANTS and
                                                                                            THIRD-PARTY PLAINTIFFS

v.

ABILENE TEXAS FOODS, INC.                                                              THIRD-PARTY DEFENDANT

## MEMORANDUM OPINION

This case is before the court on two motions from the Defendants and Third-Party Plaintiffs American Cold Storage, Inc. and American Cold Storage North America, LP (collectively "ACS"): first, a motion to alter or amend this court's Order granting summary judgment to the Third-Party Defendant Abilene Texas Foods' ("Abilene") pursuant to Fed. R. Civ. P. 59(e) and 54(b) (DN 89); and second, ACS's motion to file its first amended third-party complaint against Abilene pursuant to Fed. R. Civ. P. 15 (DN 88).

These motions will be granted for the reasons stated herein.

### BACKGROUND

In August 2010, ACS filed a third-party complaint against Abilene seeking indemnification or contribution in the event that ACS was found liable to Ronald A. Chisholm ("Chisholm"). In February 2012, Abilene filed a motion for summary judgment against ACS,

- 2 -

arguing that ACS's third-party complaint should be dismissed because common law indemnification and contribution (apportionment) under Kentucky law apply only as between joint tortfeasors. Abilene argued, and this court agreed, that all of the claims asserted against ACS by Chisholm were contractual in nature. Accordingly we found that ACS could not assert claims for indemnification and contribution (apportionment) against Abilene, and granted Abilene's motion for summary judgment (DN 86).

We entered an Order in October 2012 (DN 87) which stated: "[t]he Third-Party Complaint filed by American Cold Storage Inc. and American Cold Storage North America, LP (DN 21) is dismissed with prejudice."

ACS has asked that we alter the Order to dismiss ACS without prejudice, or in the alternative declare that the Order is final so ACS can attempt an interlocutory appeal (DN 89). ACS also asks to amend their third-party complaint to assert theories that were not asserted in the original third-party complaint (DN 88). The original third-party complaint was based only on indemnity and contribution remedies, which were not appropriate because the only claims asserted by Chisholm against ACS sounded in contract, not tort. Thus, the tort-based remedies ACS requested in were not available.

ACS requests to retool its claims against Abilene in its amended third-party complaint and assert claims for tortious interference with contractual relations, trespass to chattels, and unjust enrichment against Abilene. The factors ACS articulates show that amendment is appropriate under Rule 59(e) and Rule 15.

**DISCUSSION**

Regarding ACS's motion to alter or amend this court's October 2012 Order (DN 87), "[a] party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to [] Rule 59(e) . . . [w]here a timely motion to amend is filed under Rule 59(e), Rule 15 and Rule 59 inquiries turn on the same factors." *Benzon v. Morgan Stanley Distribs.*, 420 F.3d 598, 613 (6th Cir. 2005) (*citing Morse v. McWhorter*, 290 F. 3d 795, 799 (6th Cir. 2002)). Motions to alter or amend pursuant to Fed. R. Civ. P. 59(e) are "extraordinary" in nature and should be "sparingly granted." *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, 857 F. Supp. 2d 647, 655 (W.D. Ky. 2011) (*citing Buckner v. Kentucky*, 2011 WL 1304747 at *1 (E.D. Ky. Apr. 5, 2011)). The court may grant a Rule 59(e) motion in limited circumstances: "only if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schools*, 469 F. 3d 479, 496 (6th Cir. 2006) (*citing Intera Corp. v. Henderson*, 428 F. 3d 605, 620 (6th Cir. 2005)). Rule 59(e) does not provide parties a forum to present new arguments or theories that, with proper diligence, could have been asserted prior to the judgment being issued." *Youth Alive*, 857 F. Supp. 2d at 656 (W.D. Ky. 2011) (*citing Howard v. U.S.*, 533 F.3d 472, 475 (6th Cir. 2008)).

Fed. R. Civ. P. 15 states that "leave [to amend] shall be freely given when justice so requires." Denial may be appropriate, however, where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Benzon*, 420 F.3d at 613 (*citing Morse*, 290 F. 3d at 800)).

Here, ACS argues that Abilene will not be unduly prejudiced if the court alters the October 2012 Order such that ACS is dismissed without prejudice and given leave to file its first amended third-party complaint (DN 89-1). ACS contends (1) that its amended third-party complaint raises no new factual allegations against Abilene because the amended pleading relies on allegations previously asserted against Abilene in Chisholm's cross-claim against Abilene; and (2) that Abilene does not deny the factual basis for ACS's claims—the basis being that Abilene requested the release of Chisholm's goods from ACS. Thus, ACS contends that Abilene will not suffer surprise or substantial prejudice. ACS also contends (3) that there will be no need for additional discovery; (4) that the remedy it seeks in its amended third-party complaint is identical to the remedy sought in its original Complaint; (5) that the claims in ACS's amended third-party complaint are not futile; and (6) that leave to amend is appropriate under Fed. R. Civ. P. 15 because ACS has not previously requested such leave (DN 89-1).

In response, Abilene argues that ACS's motion to alter is improper because ACS fails to articulate specific grounds to support a Rule 59(e) motion (DN 90). Abilene contends that ACS's motion to alter is simply a means to open the door for ACS to seek leave to file an amended third-party complaint. *See Benzon*, 420 F.3d at 613.

### I. ACS's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P 59(e)

ACS relies on the Fed. R. Civ. P. 59(e) "manifest injustice" standard—as ACS does not allege a clear error of law, newly discovered evidence, or an intervening change in controlling law. *See Henderson*, 469 F. 3d at 496; *Intera*, 428 F. 3d at 620. In the "post-judgment context" the court "must also take into consideration the competing interest of protecting the 'finality of judgments and the expeditious termination of litigation.'" *Benzon*, 420 F.3d at 613; (*quoting*

*Morse*, 290 F. 3d at 613)). "[T]he court must be particularly mindful of . . . the movant's explanation for failing to seek leave to amend prior to the entry of the judgment." *Id.*

ACS's Rule 59(e) motion to alter was timely—it was filed within the requisite 28 days after the judgment—and ACS's Rule 15 motion for leave to amend its third-party complaint is appropriate. We see no evidence of undue delay, bad faith, dilatory motive, failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowing the amendment, or futility of the amendment. *Benzon*, 420 F.3d at 613 (*citing Morse*, 290 F. 3d at 800)).

ACS contends that any delay in its post-judgment motion to alter was "occasioned by Abilene's decision to wait until the summary judgment stage" to argue that ACS failed to state a claim (DN 89-1). ACS alleges that it would not have delayed seeking leave to amend if Abilene had made a Fed. R. Civ. P. 12(b)(6) motion to dismiss (DN 89-1). ACS supports this contention by citing *Wade v. Calvary Portfolio Services, LLC*, 3:08-CV-479-S, 2010 WL 3395690 (W.D. Ky. 2010), in which sixteen months passed before the Defendant sought leave to amend an answer, and the court allowed the amendment specifically because (1) "little of substance took place" before the Defendant sought leave to amend; (2) the Defendant also asserted affirmative defenses that had just become available; and (3) the Defendant sought to amend admissions and denials from its original answer. *Id.* Thus, in *Wade* delay by itself was not sufficient to deny the amendment when it was coupled with other circumstances supporting the amendment. *See id.*

Here, ACS's delay in seeking leave to amend is not sufficient to refuse a Rule 59(e) motion to alter because, like *Wade*, other circumstances support the amendment. *Id.* Specifically, ACS's claims in its original third-party complaint were all dismissed because they stated only

contract-based theories for relief (DN 86). ACS's amended third-party complaint, however, asserts tort-based theories for relief, and is not likely to be unduly prejudicial to Abilene because remaining claims are still being litigated. *See id; see Morse*, 290 F. 3d at 799 (holding that in considering Rule 59(e) and Rule 15 motions in tandem, the court must consider the "competing interests of the parties and likelihood of prejudice to the opponent.").

Further, "[t]he power to permit parties to amend defects in pleadings . . . is a power to be exercised liberally, so that the real controversy between the litigants may be presented for determination." *Clay v. City of Louisville*, 3:10-CV-371-CRS, 2011 WL 6141122, *4 (W.D. Ky. Dec. 9, 2011) *reconsideration denied*, 3:10-CV-371-CRS, 2012 WL 3136657 (W.D. Ky. Aug. 1, 2012). We recognize that Abilene will be inconvenienced by another round of motion practice, but given the competing interests of the remaining parties, "such inconvenience does not rise to the level of prejudice that would warrant denial of leave to amend." *Morse*, 290 F. 3d at 801.

Thus, we will grant ACS's motion to alter the Order (DN 87) to dismiss ACS without prejudice (DN 89) and will grant ACS leave to file its amended third-party complaint (DN 88).

## II. Application of Rule 54(b) to ACS's Motion to Alter or Amend

ACS's Reply argues that reconsideration is also appropriate under Rule 54(b) (DN 89). ACS contends that 54(b) controls because the Order was not a "final judgment" that disposed of all the claims between all of the parties in the action. Fed. R. Civ. P. 54(b) (DN 95).

The Sixth Circuit takes a reserved approach to reconsideration: "54(b) is not to be used routinely, or as a courtesy or accommodation to counsel . . . The power which this Rule confers upon the trial court should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice." *Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d

1279, 1282 (6th Cir. 1986) (*citing Panichella v. Pennsylvania R.R. Co.*, 252 F.2d 452, 454 (3d Cir. 1958)); *see Curtiss-Wright Corp. v. General Elec.* Co., 466 U.S. 1, 9 (1980).

Applying this standard, the Sixth Circuit has held that a Rule 54(b) motion to reconsider requires that: (1) the district court must expressly direct the final judgment as to one or more, but fewer than all the claims or parties; and (2) the district court must expressly determine that there is no just reason to delay appellate review . . . [the court] must clearly explain why it has concluded that immediate review of the challenged ruling is desirable." *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994).

Here, under the *GenCorp* analysis, the first step is satisfied as the Order did not dispose of all the claims and parties in the case. 23 F.3d at 1026. The second step requires the court to "balance the needs of the parties against the interests of efficient case management." *Id.*[1] "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separate from the remaining unresolved claims." *Id.* The Supreme Court further explained that district courts should evaluate the "interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Curtiss-Wright*, 466 U.S. at 10.

Accordingly, the Sixth Circuit identified factors for district courts to consider in determining whether there is no just reason to delay: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court

---

[1] "Courts implementing Rule 54(b) must strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants. By limiting interlocutory appeals under Rule 54(b) to infrequent harsh cases, courts can alleviate the hardship resulting from unnecessary delay without undermining the historic federal policy against piecemeal appeals." *GenCorp,* 23 F.3d at 1026.

- 7 -

- 8 -

might be obliged to consider the same issues a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final;(5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, etc.. *Corrosioneering*, 807 F.2d at 1283.

Here, ACS fails to support its Rule 54(b) argument. The undisputed facts indicate that ACS's claims are interconnected to the remaining unadjudicated claims. In fact, ACS's claims against Abilene in its original third-party complaint are entirely dependent on the outcome of the unadjudicated claims that Chisholm raises against ACS. Thus, the possibility of review by an appellate court would be mooted if ACS is not found liable to Chisholm. Also, the connection between the remaining claims would likely require an appellate court to reconsider the same claims. *See id.*[2]

ACS does not show sufficient evidence that there is "no just reason for delay" under Fed. R. Civ. P. 54(b). Thus, we will deny ACS's request that the court make the October Order final to allow ACS to attempt an interlocutory appeal (DN 89).

A separate order will be entered in accordance with this opinion.

January 30, 2013

Charles R. Simpson III, Judge
United States District Court

---

[2] The district court's discretionary judgment "should be given substantial deference, for that court is 'the one most likely to be familiar with the case and with any justifiable reasons for delay.'" *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956).